# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| HERBERT LAWRENCE POLINARD JR, § | |
| *Plaintiff* § | |
| § | |
| -vs- § | |
| § | |
| COVINGTON SPECIALTY § | SA-21-CV-00353-XR |
| INSURANCE COMPANY, TABAK § | |
| INSURANCE AGENCY, ARACELI § | |
| GRANADOS, § | |
| *Defendants* § | |

## ORDER

On this date, the Court considered Plaintiff's motion for remand (ECF No. 11), Defendant Covington Specialty Insurance Company's response (ECF No. 16), and Plaintiff's reply (ECF No. 23). After careful consideration, Plaintiff's motion for remand is **DENIED**.

## BACKGROUND

This case arises out of an insurance dispute between Plaintiff Herbert Polinard, Jr. and Defendants Covington Specialty Insurance Company ("Covington"), Tabak Insurance Agency ("Tabak"), and Araceli Granados ("Granados"). Plaintiff owns the property located at 1010 North Main Avenue, San Antonio, Texas 78212 (the "Property"), which he leases to the Gold Group 1, LLC, dba Club Essence ("Club Essence"). Under the terms of the lease agreement, Club Essence was required to insure the Property and list Plaintiff as an additional insured.

Tabak and Granados, as independent agents, were responsible for placing the policy under which Covington was the insurer. On August 17, 2018 Granados emailed Plaintiff to let him know that the previous year's policy on the Property had expired on August 8, 2018, and had not been

renewed. Thereafter, Covington issued a new policy to Club Essence (the "Policy"), which included Plaintiff as an additional insured and covered the Property for a policy period of August 21, 2018 to August 21, 2019.

The Property was damaged by a fire on or about March 26, 2019, and Plaintiff submitted an insurance claim to Covington. Plaintiff's claim was denied, however, because the Policy had been cancelled in December 2018 for nonpayment. Plaintiff was unaware that Club Essence had failed to pay the monthly premium amount and asserts that Covington and its agents, Tabak and Granados, failed to notify him about the non-payment before the Policy was canceled. Plaintiff filed suit on February 19, 2021, in the 73rd Judicial District Court, Bexar County, Texas, bringing claims for negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code against all three Defendants. ECF No. 1-5.

On April 8, 2021, Covington removed the case to this Court on the basis of diversity jurisdiction.[1] ECF No. 1. According to Covington, this Court has jurisdiction under 28 U.S.C. § 1332 because the amount of controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. ECF No. 1 ¶¶ 6–7. Covington alleges that for diversity purposes Plaintiff is a citizen of Texas and that Covington is a citizen of New Hampshire and Georgia. ECF No. 6 ¶¶ 6–7. Although Tabak and Granados are believed to be citizens of Texas, Covington contends that their citizenship should be disregarded because neither is a proper party under the doctrine of improper joinder. ECF No. 1 ¶¶ 8–17.

Plaintiff timely moved to remand the case to state court, arguing that Tabak and Granados were properly joined and that removal was procedurally defective. *See* ECF No. 11. Covington opposes remand. ECF No. 16.

---

[1] Covington asserts that none of the Defendants had been served at the time of removal. ECF No. 5 at 1–2. Covington received Plaintiff's Original Petition on March 11, 2021, as a notice of loss. *Id.*

2

**DISCUSSION**

**I.     Legal Standards**

   **A.     Improper Joinder**

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F.Supp.3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the

district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual

4

allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir.2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir.2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

"Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of*

*Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. March 31, 1998). Thus "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting . . . negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id.*

In a Rule 12(b)(6) analysis, all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.    Analysis**

Covington asserts that Tabak and Granados, both citizens of Texas, have been improperly joined. ECF No. 1 at 3–4. "The gravamen of Plaintiff's allegations . . . is that Tabak and Granados owed a duty to Plaintiff as an 'additional insured' under a property insurance policy issued to Club Essence, and that Tabak and Granados breached that duty." ECF No. 1 at 5. Covington argues that Plaintiff cannot establish a cause of action against either non-diverse Defendant, however, because Texas law does not impose a duty on insurance brokers to a "non-client" designated as an additional insured under the policy due to lack of privity. *Id.* at 6 (citing. *W. Houston Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)).

Covington further asserts that (1) even if Plaintiff were a client of Tabak and Granados, they properly discharged their duties to him, and (2) even if the Policy had not been canceled for non-payment, Plaintiff would not have been entitled to receive insurance proceeds from the fire damage to the Property because he was listed as an additional insured only with respect to liability coverage, not property coverage. *Id.* at 7–8. The Court does not reach either of these arguments, however, because it concludes that neither Tabak nor Granados owed a duty to Plaintiff under Texas law and that Plaintiff's claims sounding in misrepresentation fail to satisfy the pleading requirements under Rule 9(b)..

### A.      Negligence

Plaintiff asserts claims for negligence based on Tabak's and Granados's alleged breach of fiduciary duties to "procure insurance with Plaintiff as the additional insured" and to "notify Plaintiff when coverage lapsed." ECF No. 1 at ¶ 8.

A negligence claim requires "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). "The threshold inquiry in a negligence case is duty." *Id.* Under Texas law, "there is no general fiduciary duty between an insurer and its insured." *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston 2003, pet. denied). In general, a third party who has suffered damages due to professional negligence "may not proceed against the professional unless there is privity of contract." *W. Houston Airport,* 349 S.W.3d at 752. "Privity for purposes of professional negligence . . . can be formed by express or implied contract." *Id.* at 753.

Plaintiff's original petition does not provide enough factual allegations to draw a reasonable inference that Defendant breached a duty owed to Plaintiff. The Court cannot

7

reasonably infer that Defendant owed Plaintiff a fiduciary duty, because the petition does not set forth any facts to establish the existence of an informal relationship with Tabak and Granados. *Wayne Duddlesten, Inc.*, 110 S.W.3d 85 at 96. Historically, Texas courts have not "interposed any duty in favor of a non-client upon a client's insurance agent regarding the agent's negligent failure to procure a liability policy with a certificate designating the non-client as an additional insured." *Brannan Paving GP, LLC v. Pavement Markings, Inc.,* 446 S.W.3d 14, 26 (Tex. App.—Corpus Christi 2013, pet. denied). As such, Tabak and Granados owed no duty to procure insurance with Plaintiff as the additional insured or to ensure that the Policy remained in effect. *Id.*

Additionally, Tabak's and Granados's correspondence with Plaintiff consisted of a single email. ECF No. 11 ¶ 4. Such limited correspondence is not enough evidence to show a contractual connection or relationship with Tabak and Granados. *Pavement Markings, Inc.,* 446 S.W.3d at 26. Nor is such evidence sufficient to establish privity, even if it was foreseeable that Plaintiff would rely on such correspondence. *Id.* at 27; *see also Hartman v. Urban,* 946 S.W.2d 546, 550 (Tex. App —Corpus Christi 1997, no writ) (holding engineer who prepared an inaccurate plot did not owe a duty to subsequent purchaser due to a lack of privity, even though it was foreseeable that purchaser would rely on the plot). Plaintiff's negligence claims against Tabak and Granados must be dismissed because there is no reasonable basis for the district court to predict that Plaintiff might be able to recover them. *Smallwood*, 385 F.3d at 573.

### B.    Negligent Misrepresentation

Plaintiff also asserts a claim for negligent misrepresentation. *Id.* ¶¶ 10–11. To state a claim for negligent misrepresentation, a plaintiff must show that "(1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise

reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 638–39 (W.D. Tex. 2013) (quoting *Cunningham v. Tarski*, 365 S.W.3d 179, 186–87 (Tex. App.—Dallas 2012, pet. denied)). A claim for negligent representation is subject to the heightened requirements of Federal Rule of Civil Procedure 9(b). *Frith*, 9 F. Supp. 2d at 742; *see also Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (evaluating negligent misrepresentation in the same manner as fraud in part because both were "based on the same set of alleged facts"); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008) (dismissing negligent misrepresentation claim that was based on the same operative facts as an insufficient fraud claim); *Kougl v. Xspedius Mgmt. Co.*, No. 3:04–CV–2518–D, 2005 WL 1421446, at *5–6 (N.D. Tex. June 1, 2005) (dismissing negligent misrepresentation claim that restated the same factual basis as a fraud claim for failure to satisfy Rule 9(b)).

Plaintiff alleges that Tabak's and Granados's "silence negligently represented to Plaintiff that the coverage was current." ECF No. 11 ¶¶ 10–11. Silence may be considered a negligent representation where there is a duty to speak. *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Such a duty to speak "may arise in four situations: (1) there is a fiduciary relationship; (2) when one voluntarily discloses information, the whole truth must be disclosed; (3) when one makes a representation, new information must be disclosed when that new information makes the earlier representation misleading or untrue; and (4) when one makes a partial disclosure and conveys a false impression." *Id.* (quoting *Hoggett v. Brown,* 971 S.W.2d 472, 487 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)).

None of the four situations in which silence constitutes a misrepresentation is applicable here. A fiduciary relationship has not been established between Plaintiff and either Tabak or Granados. "A fiduciary relationship is an extraordinary one and will not be lightly created." *Hoggett,* 971 S.W.2d at 488. "The mere fact that one subjectively trusts another does not alone indicate that confidence is placed in another in the sense demanded by fiduciary relationships." *Kline v. O'Quinn,* 874 S.W.2d 776, 786 (Tex. App.— Houston [14th Dist.] 1994, writ denied), *as supplemented on denial of reh'g* (May 12, 1994). Something more than a single email transaction between the parties is required. Further, Tabak and Granados did not voluntarily disclose any information about this lapse in coverage, no information arose which made the earlier representation of a lapse in coverage untrue, and Tabak and Granados did not make a partial disclosure. ECF No. 11 ¶¶ 1–5. Plaintiff provides no further explanation as to what kind of representation Tabak and Granados are alleged to have made. Accordingly, Plaintiff's negligent misrepresentation claim fails to satisfy the heightened standard of Rule 9(b).

    **C.**    **Statutory Claims**

Relying on the same set of operative facts used to support his claim for negligent misrepresentation, Plaintiff also alleges claims for misrepresentation in violation of the DTPA and Chapter 541 of the Texas Insurance Code. ECF No. 11 ¶¶ 8–10. Specifically, Plaintiff alleges that Tabak and Granados "left out or misrepresented material facts about the policy (aka that it was cancelled)." *Id.* at 9.

Plaintiff's claims under the Texas Insurance Code and the DTPA ultimately fail because they do not satisfy the heightened pleading requirements under Rule 9(b) on two grounds. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. March 31, 1998). First, though Plaintiff's claims stem from the benefits under the Policy, Covington correctly points out that

Plaintiff does not have a right to recover under the Policy under *West Houston Airport,* 349 S.W.3d at 751, because Plaintiff is not a client of the agency. ECF No. 17 ¶ 4. Additionally, as explained above, Plaintiff has not alleged sufficient evidence to establish privity with either Tabak or Granados. As such, Plaintiff cannot recover policy benefits for the alleged violation because Plaintiff does not have a right to those benefits under the policy in the first place. *Menchaca,* 545 S.W.3d at 484. Second, even if Plaintiff is entitled to the benefits under the policy, Plaintiff has failed to properly allege misrepresentation or that Tabak and Granados left out any material facts in their affirmative representations to Plaintiff. ECF No. 1-5 ¶¶ 5–6.

Texas courts have acknowledged that a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). The Fifth Circuit has also recognized that under the Texas DTPA, "a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs*, 181 F.3d at 701. In *Griggs*, the court affirmed the district court's denial of a motion to remand based on the improper joinder of an insurance agent by distinguishing "non-actionable puffery" from "actionable representations of specific material fact." *Id.* at 701–02. The insurance agent's statements in that case, which the court classified as "non-actionable puffery," were that "[the insurer] would provide timely and professional service, and that she, [the agent], would personally handle any questions or problems that might arise." *Id.* at 700.

The Plaintiff states in the petition that "Tabak and Granados represented to Plaintiff that they would provide him insurance services as an additional insured for the subject property, which

11

would include keeping him apprised of any problems with the payment of the monthly premium or concerning any cancelation of the subject policy but failed to do so." ECF No. 1-5 at 6. However, Plaintiff does not identify who made this promise, or how, when, or where the promise was made. *Id.* As such, Plaintiff's statutory claims do not allege with sufficient specificity the "who, what, when, and where" of the alleged representations. *Williams,* 112 F.3d at 177. Plaintiff's allegation that Tabak and Granados represented that they would "provide him insurance services" fails to put them on fair notice of the allegations made against them. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions").

Even if Plaintiff had included more specific factual support for his claims under the Insurance Code and the DTPA, however, the underlying representation—that Tabak and Granados "would provide him with insurance services as an additional insured—is merely descriptive and would not even constitute "non-actionable puffery." Moreover, "absent some specific misrepresentation of its terms of coverage by the insurer [that] the insured's mistaken belief that he is obtaining coverage under certain contingencies which are not in fact covered under an insurance policy [are] not generally grounds for a DTPA claim against the insurer." *State Farm Cnty. Mut. Ins. Co. v. Moran,* 809 S.W.2d 613,620-21 (Tex. App.-Corpus Christi 1991, writ denied) (where the court held State Farm's representation that the insured had "full coverage" was not a specific misrepresentation of the terms of coverage even though the insured did not have full coverage). Accordingly, Plaintiff's statutory claims must be dismissed for failing to satisfy the pleading requirements of Rule 9(b).

**D.      The Rule of Unanimity**

Plaintiff argues that the case should not have been removed based on the rule of unanimity, as Covington did not receive consent for removal from Tabak. ECF No. 11 ¶¶ 12–13; *Coffman v. Dole Fresh Fruit Co.,* 927 F. Supp. 2d 427, 432 (E.D. Tex. 2013) (internal citations omitted). Because the Court has concluded that Tabak was improperly joined, however, the rule of unanimity is inapplicable. *See* 28 U.S.C. § 1446 ("When a civil action is removed solely [on the basis of diversity jurisdiction], all defendants who have been *properly joined* and served must join in or consent to the removal of the action.") (emphasis added).

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 11) is **DENIED**. The Court concludes that Tabak and Granados were improperly joined. Accordingly, the Court will disregard their citizenship and exercise subject matter jurisdiction over the remaining defendant, Covington. All claims against Defendants Tabak and Granados are hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 24th day of August, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE