IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERBERT LAWRENCE POLINARD JR.,<br>*Plaintiff* | § § § | |
| -vs- | § § | SA-21-CV-00353-XR |
| COVINGTON SPECIALTY<br>INSURANCE COMPANY,<br>*Defendant* | § § § § | |

## ORDER

On this date, the Court considered Defendant Covington Specialty Insurance Company's ("Covington") motion to amend its answer (ECF No. 28). After careful consideration, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

## BACKGROUND

Plaintiff Herbert Polinard ("Polinard") owns the property and commercial building located at 1010 North Main Avenue, San Antonio, Texas (the "Property"), and leased the Property to non-party Gold Group 1 ("Gold Group"). The lease agreement between Polinard and Gold Group required Gold Group to purchase insurance coverage and to list Polinard as an additional insured. Gold Group purchased coverage through Covington. Polinard was listed as an additional insured as to the Policy's commercial general liability coverage, but Polinard was not listed as an additional insured under the Policy's property coverage. ECF No. 28-2 at 36, 53.

On March 26, 2019, a fire caused extensive damage to the Property. ECF No. 1-5 at 4. Polinard notified Covington of the fire damage and submitted a claim. *Id.* However, Covington denied the claim. *Id.* Covington informed Polinard that the Policy had been canceled in December 2018 due to Gold Group's failure to pay the monthly premiums. *Id.*

Polinard brought this action originally in the 73rd judicial district of Bexar County, alleging that Covington's failure to notify him of the Policy's cancellation violated various provisions of the Texas Insurance Code, the Deceptive Trade Practices Act ("DTPA"), and constituted negligence and negligent misrepresentation. *Id.* at 4–6. Covington removed the case to this Court and filed its original answer on April 15, 2021. ECF Nos. 1, 4.

Covington now seeks to amend its answer to assert a counterclaim for declaratory relief. ECF No. 28 at 1–2. Specifically, Covington seeks the following declaration: "Even if the Policy was not cancelled, Plaintiff is not entitled to insurance benefits under the Policy." *Id.* at 5. Covington argues that the declaration would "provide relief from uncertainty . . . and serve a useful purpose because it will clarify and settle relations between Plaintiff and Covington." *Id.* Polinard opposes amendment, contending that the declaratory action is duplicative and futile. ECF No. 29 at 3.

## DISCUSSION

### I.     Legal Standard

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Unless there is some apparent reason to deny leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the Court should grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

While leave to amend should be given freely, the court possesses broad discretion to grant or refuse declaratory relief. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court." *Amerisure Ins. Co. v. Thermacor Process, Inc.*, No. 4:20-cv-01089-P, 2021 WL 1056435, at *7 (N.D. Tex. Mar. 19, 2021) (collecting cases).

**II.   Analysis**

Covington requests leave to amend its answer to correct typographical errors and to add a counterclaim under the Federal Declaratory Judgment Act ("DJA"). ECF No. 28 at 1. As Polinard does not oppose Covington correcting the typographical errors in its original answer, the Court will grant leave to amend such errors.

Polinard does, however, oppose amendment to include a declaratory action. Covington seeks the following declaration: "Even if the Policy was not cancelled, Plaintiff is not entitled to insurance benefits under the Policy." ECF No. 28 at 5. As part of its request for declaratory relief in its proposed amended answer, Covington also includes a claim for attorney's fees. ECF No. 28-1 at 14. Polinard opposes the proposed declaration for two reasons: (1) the declaratory action is duplicative of the claims that must inherently be decided in Polinard's claims and Covington's affirmative defenses; and (2) the request for attorney's fees under the DJA is futile. ECF No. 29 at 5–6.

**A. The proposed declaratory relief is appropriate.**

Polinard asserts that the declaratory relief Covington seeks is redundant because whether Polinard would have been entitled to benefits under the Policy had the Policy been in effect when the fire occurred will be inherently resolved in determining his DTPA, insurance code, and

negligent misrepresentation claims. However, each of Polinard's claims sound in tort—that Covington acted unreasonably or unlawfully in failing to notify Polinard that the Policy lapsed. Covington's proposed declaratory action seeks to clarify Covington's *contractual* duties to Polinard under the Policy. Consequently, the Court cannot conclude that Covington's proposed counterclaim for declaratory relief is a "mirror image" of Polinard's claims to be resolved by this Court. *See Amerisure Ins. Co.*, 2021 WL 1056435, at *7. Further, Polinard does not argue that amendment at this stage would prejudice him or that amendment is sought in bad faith. The Court grants leave for Covington to amend its answer to seek declaratory relief.

### B. The request for attorney's fees under the DJA is futile.

Covington's proposed declaratory action includes a claim for attorney's fees. ECF No. 28-1 at 14. Polinard argues that the request for attorney's fees is futile. The Court agrees. "Federal courts follow the American Rule in the absence of fee-shifting congressional legislation." *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). The DJA "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Id.* (quoting *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988)). Covington offers no substantive state law that provides the Court authority to award Covington attorney's fees, and the proposed declaratory action only references the DJA in its request for attorney's fees. ECF No. 28-1 at 14. As the DJA does not provide such relief, the Court cannot grant it. Thus, the request for attorney's fees is futile, and Covington may not amend its answer to include a request for attorney's fees.

## CONCLUSION

For these reasons, Defendant Covington's motion for leave to amend (ECF No. 28) is **GRANTED** in part and **DENIED** in part. Defendant Covington shall submit a proposed amended answer that complies with this Order no later than **April 6, 2022**.

It is so **ORDERED**.

**SIGNED** this 28th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE